ODELL et al. v. BARTON et al.

(Circuit Court of Appeals, Eighth Circuit. February 28, 1918.)

No. 4930.

FRAUDS, STATUTE OF ⊂⊃119(1)—AGREEMENTS WITHIN—ENFORCEMENT UNDER
THEORY OF DURESS.

Where purchasers of Arkansas lands contracted to resell the same,
relying on the vendors' oral agreement to modify the original contract of
sale, which was in writing, and the vendors declined to carry out the modi-
fication, whereupon the purchasers made a different agreement as to the
lands resold, the latter agreement cannot be canceled and the oral
agreement enforced on the theory of duress of property, for that would
result in an indirect evasion of the statute of frauds.

Appeal from the District Court of the United States for the East-
ern District of Arkansas; Jacob Trieber, Judge.

Suit by C. H. Odell and Arnold Kleiner against W. W. Barton and
another. From a decree dismissing the complaint, plaintiffs appeal.
Affirmed.

M. J. Manning, G. W. Emerson, and W. H. Donham, all of Little
Rock, Ark., for appellants.

Thomas S. Buzbee, George B. Pugh, and H. T. Harrison, all of
Little Rock, Ark., and George C. Lewis, of Stuttgart, Ark., for ap-
pellees.

Before HOOK and SMITH, Circuit Judges.

HOOK, Circuit Judge. Odell and Kleiner sued the Bartons for the
enforcement of a credit on a contract for the purchase of property,
to be effected by the vacation of a subsequent agreement between them,
upon the ground that the agreement was obtained from plaintiffs by
compulsion or duress of property. The trial court dismissed the com-
plaint as insufficient, and the plaintiffs appealed.

The complaint states that the defendants Barton contracted in
writing to sell plaintiffs about 3,680 acres of land and some personal
property in Arkansas for $42,000, payable in five annual installments;
defendants to retain possession until the first installment was paid.
About four months afterwards, and before any payment was made,
plaintiffs sought to sell a fourth of the lands to one Herman for other
property, taken at $10,000, and Herman's installment notes for $22,-
000. Herman was to have a deed for his part of the land and was to
secure his installment notes by a deed of trust thereon. Plaintiffs
charge that, before executing the contract with Herman, defendants
approved the transaction, agreed to make a deed direct to Herman,
to accept $12,000 of his installment notes and $2,000 in cash, and to
credit plaintiffs with the aggregate of $14,000; that plaintiffs and
Herman then executed their contract, but that subsequently defendants
refused to abide by the agreement, and would not deed to Herman on
the conditions stipulated; that plaintiffs, having in the meantime
bound themselves to Herman, were forced to make a second agree-

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ment with defendants, much less advantageous to themselves. This second agreement plaintiffs now seek to have vacated. The constraint or duress is charged as arising from defendants' violation of the first agreement and plaintiffs' situation with respect to Herman. The damage charged, so far as need be noted, was $11,000 in Herman's installment notes, which, by the second agreement, defendants exacted as a bonus for their consent, and which was not to be credited plaintiffs on the original purchase price of the land.

The rule invoked by plaintiffs, as expressed by the Supreme Court in Radich v. Hutchins, 95 U. S. 210, 24 L. Ed. 409, and applied in Lonergan v. Buford, 148 U. S. 581, 13 Sup. Ct. 684, 37 L. Ed. 569, is as follows:

"To constitute the coercion or duress which will be regarded as sufficient to make the payment involuntary, * * * there must be some actual or threatened exercise of power possessed, or believed to be possessed, by the party exacting or receiving the payment over the person or property of another, from which the latter has no other means of immediate relief than by making the payment. As stated by the Court of Appeals of Maryland, the doctrine established by the authorities is that 'a payment is not to be regarded as compulsory, unless made to emancipate the person or property from an actual and existing duress imposed upon it by the party to whom the money is paid.' Mayor and City Council of Baltimore v. Lefferman, 4 Gill (Md.) 425 [45 Am. Dec. 145]."

But there is a short and sufficient answer to plaintiffs' complaint. Their contract to sell Herman a part of the land, to which they seek to commit defendants, called for a deed from defendants to him, and for immediate possession. To neither of these were plaintiffs or Herman entitled under any written contract or engagement of the defendants. The first agreement regarding the sale to Herman, which plaintiffs say defendants made and then repudiated, and which they seek to have enforced, does not appear to have been in writing. It is not valid or enforceable against defendants under the Arkansas statute of frauds (Kirby's Dig. 1904, § 3654), and effect cannot be given it by applying the rule of compulsion or duress of property to the second agreement that was made and carried out. We do not say that, aside from the Arkansas statute, there is equity in plaintiffs' case. No payments other than promises have ever been made to defendants, either by plaintiffs or by Herman. The latter defaulted on his notes, and defendants have had to resort to foreclosure against all of them to regain their title.

The decree is affirmed.